**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GULZAR SINGH, | No. 07-72820 |
| Petitioner, | Agency No. A097-111-145 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Gulzar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to remand, and

dismissing his appeal from an immigration judge's decision denying his

application for asylum and withholding of removal.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We review de novo due process contentions and we review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Even if Singh had timely filed his asylum application within one year of entry into the United States, substantial evidence supports the agency's adverse credibility determination because discrepancies regarding Singh's employment as a constable police officer in his asylum application go to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007) (inconsistencies that go to the heart of the claim from asylum application support an adverse credibility determination). In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156-57.

We deny Singh's due process claim challenging the BIA's denial of his motion to remand because the BIA did not abuse its discretion and Singh failed to

demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**